MILLS, Judge.
Pfeiffer appeals the deputy commissioner’s order denying his claim for temporary total disability and wage loss benefits. We affirm.
Employed since 1966 as a Marine Patrol Officer with the Department of Natural Resources, Pfeiffer was diagnosed as having artherosclerosis in 1973. In 1976 he suffered a myocardial infarction, and on 14 March 1980, the date of this alleged accident, he experienced a sharp angina while launching his Marine Patrol boat. The launching of this boat was a routine and customary part of his duties, and there was nothing unusual or different about this particular launching.
Pfeiffer contends that his artheros-clerosis was caused, at least in part, by his highly stressful job, which evolved over the years from one involving mostly conservation duties to one involving law enforcement duties for which he was not adequately trained. He also alleges that he was constantly exposed to extreme weather conditions in his open powerboat. Consequently, he argues, his coronary condition should be treated as an occupational disease pursuant to Section 440.151, Florida Statutes (1979). This we decline to do because the evidence failed to show that Pfeiffer’s condition was an “occupational disease” within the meaning of Section 440.151(2), Florida Statutes (1979).
Rather, the instant case is controlled by the holding in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962). Because there was no specifically identified effort, over and above the routine of the job, Pfeiffer’s coronary condition is not compensable. Emotional strain alone is not sufficient to establish a causal connection between employment and internal failures of the cardiovascular system. City of Miami v. Rosenberg, 396 So.2d 163 (Fla.1981); Diaz v. City of Miami, 427 So.2d 1085 (Fla. 1st DCA 1983).
Pfeiffer also contends that, pursuant to Section 185.34, Florida Statutes (1979), he is entitled to a presumption that his condition was accidental and suffered in the line of duty. This contention is without merit. First, he is not a “police officer” as defined by Section 185.02(1), Florida Statutes (1979). He is employed by the Department of Natural Resources, not by a municipality. Second, Section 185.34 expressly provides that it is not to be construed to extend to or otherwise affect the provisions of Chapter 440. Therefore, even if Pfeiffer were a “police officer,” he could not avail himself of the presumption in this workers’ compensation proceeding.
For the foregoing reasons, the order ap-; pealed is affirmed.
ERVIN, C.J., and LARRY G. SMITH, J., concur.